IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

RENE BRETADO, #1029383        §

VS.                                  §            CIVIL ACTION NO. 6:06cv445

R. KENNEDY, ET AL.             §

MEMORANDUM OPINION
AND ORDER OF PARTIAL DISMISSAL

Plaintiff Rene Bretado, an inmate confined at the Beto Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983.  The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on October 3, 2006.  The Plaintiff alleged that he was the victim of excessive use of force and retaliation.  On March 8, 2007, the Court conducted an evidentiary hearing, consistent with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims.  The incident which is the subject of the lawsuit occurred on May 19, 2005.  The Plaintiff testified that he had filed a grievance against Officer Kennedy prior to that time.  At the time of the incident, Officer Kennedy was passing out food trays to administrative segregation inmates.  Officer Kennedy asked the Plaintiff if he wanted a meat free food tray.  The Plaintiff told him "yes," but he realized that he made a mistake after the food tray was passed through the food slot.  He told Officer Kennedy that he was supposed to receive a regular tray.  He passed the food tray through the food slot and placed it on the floor on the run (hallway).  The Plaintiff testified that

1

Officer Kennedy misjudged whether he had pulled his hands out of the food slot and slammed the metal food slot door on his right hand.  Instead of releasing the door, however, Officer Kennedy placed his full body weight against the food slot door.  The Plaintiff responded by hollering  about his right hand being smashed between the food slot door and the cell door.  Officer Kennedy temporarily released the food slot door, but he slammed it again before the Plaintiff had the opportunity to get his hand out of the opening.  Officer Kennedy then released the food slot door and walked off.  Officers Castleberry and Brooks witnessed the incident and obtained help.  The Plaintiff noted, however, that they should have also told Officer Kennedy to stop.  Sgt. Gabriel escorted the Plaintiff to the infirmary.  The Plaintiff's injuries included swelling and bruising.  Nurse Kathy Grey testified under oath that the Plaintiff was given a hand splint, an ice pack, Ibuprofen and a cell pass. X-rays did not reveal any acute fractures or subluxation.

The Plaintiff testified that he did not include Officer Castleberry, Officer Brooks, Sgt. Gabriel and Captain Owens in the lawsuit in order to obtain money from them; instead, he named them as witnesses.  He was willing to dismiss them as Defendants.  A plaintiff is entitled to voluntarily dismiss a case prior to the service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.  Fed. R. Civ. P. 41(a)(1).  These Defendants have not filed an answer or any other responsive pleading in the case.  The oral motion to dismiss should be granted.

The Plaintiff has sued Officer Kennedy for excessive use of force and retaliation.  The Supreme Court has emphasized that the core judicial inquiry in an Eighth Amendment excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  An excessive use of force claim has both subjective and objective components. *Id.* at 8.  In other words,

there is the issue of whether the officials acted with a "sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation.  *Id.* A claimant must allege and prove there was an "unnecessary and wanton infliction of pain." *Id.* at 5.  In deciding whether the use of force was wanton or unnecessary, a court may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. (internal quotation and citation omitted).  The absence of a serious injury is relevant to but not dispositive of the excessive force claim.  *Id.*

In the present case, the Plaintiff has alleged facts sufficient to raise a possible meritorious claim  against Officer Kennedy for excessive use of force.  He should be permitted to proceed with his excessive use of force claim against Officer Kennedy.

The Plaintiff also alleged that Officer Kennedy slammed the food slot door on his hand and applied all of his weight against the food slot door as an act of retaliation for a past grievance.  To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.  *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998);  *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).  For example, the law is well established that prison officials may not retaliate against an inmate for using the grievance system. *Jackson v. Cain*, 864 F.2d 1235, 1249 (5th Cir. 1989).  The Plaintiff has pled facts sufficient to raise a possible meritorious retaliation claim.  He should be permitted to proceed with his retaliation claim against Officer Kennedy.  It is therefore

**ORDERED** that the claims against Officer Sakesha Castleberry, Officer Beverly Brooks, Sgt. Vernita Gabriel and Captain Owens are **DISMISSED** without prejudice.  Fed. R. Civ. P. 41(a)(1).  It is further

**ORDERED** that the Plaintiff may proceed with his excessive use of force and retaliation claims against Officer R. Kennedy.

So **ORDERED** and **SIGNED** this **8**   day of  **March, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE