IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RENE BRETADO, #1029383 | § | |
| VS. | § | CIVIL ACTION NO. 6:06cv445 |
| ROBERT C. KENNEDY, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Rene Bretado, an inmate confined at the Beto Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The lawsuit was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

History of the Case

The original complaint was filed on October 3, 2006. The Plaintiff alleged that he was the victim of excessive use of force and retaliation at the hands of Officer Robert C. Kennedy. On March 8, 2007, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The Court concluded that the Plaintiff should be allowed to proceed with his claims. A bench trial was conducted on June 28, 2007.

Facts of the Case

The witnesses called to testify were Plaintiff Rene Bretado, Officer Beverly Brooks Stampley, Officer Sakesha Castleberry, Major Michael Owens, Defendant Robert Kennedy, Dr. Monte Smith and Nurse Donna Steely. Defendant Kennedy also submitted documentary evidence, Defendant's Exhibits

1 through 4, consisting of the pleadings, the Plaintiff's classification and disciplinary records, his grievances and relevant portions of his medical records. Plaintiff's Exhibit 1 consisted of the his grievances from the incident which is the subject of the lawsuit, along with the corresponding grievance investigation records. All of the exhibits were admitted without objection.

The Court notes that the Plaintiff had the burden to prove his case by the preponderance of the credible testimony and evidence. He did not do so; instead, Officer Kennedy's version of events was just as likely, if not more likely, to be true as the Plaintiff's version of events. At best, the Plaintiff's evidence was a draw. He simply did not prove his case by the preponderance of the credible testimony and evidence.

After considering all of the evidence and testimony, the Court makes the following findings of fact based on the preponderance of the credible testimony and evidence. The Plaintiff was confined in administrative segregation at the Beto Unit on May 19, 2005. The Plaintiff had filed two grievances against Officer Kennedy prior to that date. At the time of the incident, at approximately 9:30 a.m., Officers Castleberry, Brooks and Kennedy were feeding the inmates on F-Wing, where the Plaintiff was housed. The Plaintiff answered in the affirmative when asked whether he wanted a pork free tray. After Officer Kennedy gave him a pork free tray, the Plaintiff realized that he had made a mistake. He attempted to obtain a regular tray. One of Officer Kennedy's duties was to close the food slot doors. He started closing the Plaintiff's food slot door when the Plaintiff placed his hand in the opening and slammed the door back open. The Plaintiff indicated that he was dissatisfied with the food tray that was given to him. He placed an arm through the food slot and kept Officer Kennedy from closing the food slot door. Officer Kennedy responded by walking away. He had the option of filing a disciplinary case against the Plaintiff for "jacking the food slot," which means keeping the food slot door open, but he did not exercise that option. Officer Kennedy subsequently walked by the

Plaintiff's cell and observed him in the back of the cell, thus he closed the food slot door. Officer Kennedy never used any force against the Plaintiff. Furthermore, he did not use any force in response to the Plaintiff's previous grievances filed against him.

Sgt. Gabriel investigated a report by Officer Kennedy asserting that the Plaintiff had refused to remove his arm from the food slot. The Plaintiff told Sgt. Gabriel that he had wanted a regular food tray and had refused to remove his arm from the food tray slot. The Plaintiff also told him that the food slot door had been closed on him. The Plaintiff was escorted to the infirmary. Nurse Steely observed that the back of the Plaintiff's hand was red and swollen and that he had a limited range of motion. Nurse Steely testified that she had examined many inmates who had their hands caught in food slots. Besides redness and swelling, they often had cuts and indentations from the metal bar on the food slot, which was absent in this case. Nurse Steely referred him to a medical provider. The Plaintiff was examined by Dr. Clayton. Dr. Clayton observed swelling to the back of the Plaintiff's right hand, along with a contusion. He had x-rays made of the hand, which did not reveal any acute fracture or subluxation (displaced bones). The Plaintiff was provided a hand splint, ice pack, Ibuprofen and a cell pass. On January 11, 2006, another x-ray was taken of the hand, which revealed an "old healed boxer's fracture of the fifth metacarpal head." Such fractures normally occur when a person strikes a hard object with a closed fist, such as a wall.

Discussion and Analysis

The Plaintiff alleged that he was subjected to excessive use of force. The Supreme Court has emphasized that the core judicial inquiry in an Eighth Amendment excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). An excessive use of force claim has both subjective and objective components. *Id.* at 8. In other words, there is the issue of

whether the officials acted with a "sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id*. A claimant must allege and prove there was an "unnecessary and wanton infliction of pain." *Id*. at 5. In deciding whether the use of force was wanton or unnecessary, a court may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id*. at 7. (internal quotation and citation omitted). The absence of a serious injury is relevant to but not dispositive of the excessive force claim. *Id*.

The Supreme Court added the following caveat concerning the nature of the force used in a given situation:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d, at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."

*Hudson v. McMillian*, 503 U.S. at 9-10.

On remand in *Hudson*, the Fifth Circuit concluded that the following factors are relevant in the inquiry whether there was an excessive use of force: "1. the extent of the injury suffered; 2. the need for the application of force; 3. the relationship between the need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response." *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992). *See also Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

In the present case, the preponderance of the credible evidence reveals that no force was used against the Plaintiff. Since no force was used against the Plaintiff, there is no need for a discussion

of the five *Hudson* factors. The Plaintiff failed to prove that he was the victim of excessive use of force. Defendant Kennedy is entitled to have the excessive use of force claim against him dismissed.

The Plaintiff also alleged that he was the victim of retaliation. To succeed on his retaliation claim, the Plaintiff must prove (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). The law is well established that prison officials may not retaliate against an inmate for using the grievance system. *Jackson v. Cain*, 864 F.2d 1235, 1249 (5th Cir. 1989). It is noted that the Plaintiff routinely stated during the trial that he believed that the Defendant's actions were retaliatory because he could not come up with any other explanation for such actions, however, a successful retaliation claim may not be based on conclusory statements, speculation or unsubstantiated assertions. *Pfau v. Gilger*, 211 Fed. Appx. 271, 272 (5th Cir. 2006). Moreover, the Plaintiff must prove that "but for" a retaliatory motive, the Defendant would not have engaged in the action. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996).

In the present case, the preponderance of the credible evidence does not show that Defendant Kennedy engaged in any sort of retaliatory act. Furthermore, the preponderance of the credible evidence does not show that the Defendant engaged in any actions with a retaliatory intent. The Plaintiff simply did not satisfy his burden of proving by the preponderance of the credible evidence that he was the victim of retaliation.

The Court is thus of the opinion, and so finds, that the Plaintiff was not a victim of excessive use of force or retaliation and that judgment should be entered in behalf of Officer Robert C. Kennedy. It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **2**  day of  **July, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE